IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| United States of America, | ) | CR No. 4:96-361 (CMC) |
| | ) | |
| v. | ) | **OPINION and ORDER** |
| | ) | |
| Jeffrey Roy Crosby, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the court on Defendant's "Independent Action in Equity," filed April 7, 2014. Defendant seeks relief under Federal Rule of Civil Procedure 60(d)(3) based upon alleged fraud on the court. ECF No. 122.[1]

Federal Rule of Civil Procedure 60(b)(3) provides for the setting aside of a judgment when a party believes that its opponent has obtained a court ruling by "fraud" or "misrepresentation." However, a motion under Rule 60(b)(3) must be made within one year following the final judgment. Fed. R. Civ. P. 60(c)(1). As noted by the Fourth Circuit,

> The savings clause in Rule 60(d)(3) permits a court to exercise its inherent equitable powers to obviate a final judgment after one year for "fraud on the court." The Supreme Court addressed this doctrine in *Hazel-Atlas Glass Co. v. Hartford–Empire Co.*, when it set aside a fraudulently obtained ruling by finding that it was the product of one party's "deliberately planned and carefully executed scheme" that severely undermined the "integrity of the judicial process." 322 U.S. 238, 245-46, 64 S.Ct. 997, 88 L.Ed. 1250 (1944). The Court held that ordinary cases of fraud would not suffice to violate the "deep rooted policy in favor" of finality but that, on the facts before it, the aggrieved party could not "have been expected to do more than it did to uncover the fraud." *Id.* at 244, 246, 64 S.Ct. 997. Moreover, the harm of the fraud in *Hazel-Atlas* was so broad that it "involve[d] far more than an injury to a single litigant," but was rather a "wrong against the institutions set up to protect and safeguard the public, institutions in which fraud cannot complacently be tolerated consistently with the good order of society." Id. at 246, 64 S.Ct. 997. Thus, not only must fraud on the court involve an intentional plot to deceive the judiciary,

_____

[1]The history of Defendant's case is contained in this court's Order of October 17, 2000, wherein his § 2255 motion was denied. *See* ECF No. 27.

but it must also touch on the public interest in a way that fraud between individual parties generally does not.

*Fox ex rel. Fox v. Elk Run Coal Co, Inc.*, 739 F.3d 131, 135-36 (4th Cir. 2014). Therefore, "the doctrine is limited to situations such as bribery of a judge or juror, or improper influence exerted on the court by an attorney, in which the integrity of the court and its ability to function impartially is directly impinged." *Id*. at 136 (quotation and citation omitted). "Proving fraud on the court thus presents . . . a very high bar for any litigant." *Id*. at 136-37.

Defendant's various contentions regarding alleged infirmities in his conviction have all been presented to, and rejected by, this court. Defendant continues to assert that various alleged problems in his case – ranging from the presentation of perjured testimony, incompetent defense counsel (he allegedly received "pitiful representation" by an attorney who "abandoned" him, Memo. at 68, ECF No. 122), to a failure of law enforcement to competently investigate this matter – prove that fraud was perpetrated on the court and that he is actually innocent of the offenses of which he was convicted. However, none of Defendant's assertions meet the very narrow category of circumstances noted above. Therefore, construed as a motion for relief under Rule 60(d)(3), Defendant's motion is **denied**.

This matter is, in reality, a successive motion for relief under 28 U.S.C. § 2255. Defendant contends that witnesses fabricated evidence and that his counsel was ineffective, as well as a host of other purported "fraudulent" problems with his conviction. The court is cognizant of the Fourth Circuit's directive that notice be provided to a petitioner of the court's intent "to convert[ ] a prisoner's mislabeled or unlabeled post-conviction motion into the movant's *first* § 2255 motion . . . ." *United States v. Emmanuel*, 288 F.3d 644, 646 (4th Cir. 2002) (emphasis added). *See also Castro v. United States*, 540 U.S. 375, 383 (2003) (same). Though the *Emmanuel* court did find that

2

a district court must provide notice before construing a mislabeled prisoner filing as a § 2255 motion, *see id.* at 649-50, the court also declared such notice unnecessary if no potential adverse consequences occur to the prisoner as a result. *See id.* In this case, Defendant is barred from bringing these claims because they are successive; therefore, no adverse consequences befall him if this court construes the filing as a successive motion under § 2255.

Additionally, Defendant's failure to seek permission to file a second or successive motion in the appropriate court of appeals prior to the filing of the motion in the district court is fatal to the outcome of any action on the motion in this court. Prior to filing a second or successive motion under § 2255 in the district court, Defendant must obtain certification by a panel of the Fourth Circuit Court of Appeals allowing him to file a second or successive motion. As provided in 28 U.S.C. § 2244, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). This he has not done.

Therefore, construed as a motion for relief under 28 U.S.C. § 2255, this motion is **dismissed** as this court is without jurisdiction to consider it.

### CERTIFICATE OF APPEALABILITY

The governing law provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any

3

dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **denied**.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie
CAMERON McGOWAN CURRIE
SENIOR UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
April 14, 2014

4